UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **19 Cr. 846 (KPF)** |
| VAN WHITMORE,<br>    a/k/a "V-High",<br>RONALD NIXON,<br>    a/k/a "Jeter",<br>BARRY WILLIAMS,<br>    a/k/a "Bistro",<br>RODNEY ROBINSON,<br>    a/k/a "Stretch",<br>KAPRI LAMBERT,<br>    a/k/a "Pri",<br>IAN HAYLOCK,<br>    a/k/a "E",<br>SHAROD BELL,<br>    a/k/a "Rodo",<br>MALIK HAWKINS,<br>    a/k/a "Leeky",<br>ABDOUL HANNE,<br>    a/k/a "Buylot",<br>MALIK BREEDLOVE,<br>    a/k/a "LB",<br>ANTHONY MCDADE,<br>    a/k/a "Pap",<br><br>                    *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned

counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the

defendants of documents, objects, and information, including electronically stored information

("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the

Government's general obligation to produce exculpatory and impeachment material in criminal

cases, all of which will be referred to herein as "disclosure material."  The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would risk prejudicial pretrial publicity if publicly disseminated; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2.   Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

3.   Disclosure material may be disclosed by counsel to:

   a.   Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or

   b.   Prospective witnesses for purposes of defending this action.

4.   The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5.   Emma M Greenwood, the court-appointed Coordinating Discovery Attorney (CDA), may disclose, make copies of, or reveal the contents of disclosure materials to defense counsel and to her employees who are assisting in the preparation and dissemination of such materials, and to

third party vendors she may deem necessary to retain to process the discovery she receives, all in furtherance of fulfilling her duties and obligations under the Court's February 26, 2020 Order appointing Ms. Greenwood as CDA.  Ms. Greenwood shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and she shall instruct such other persons that further disclosure is prohibited.

6.  This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7.  The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, various cell phones and other devices and storage media. This ESI was seized subject to judicially authorized premises search warrants or from the defendants incident to their arrests.  Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense.  They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

8.   If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9.   The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what information has been disclosed to which such persons.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: __/s/ Juliana Murray_____          Date:   ____1/7/2021_____
Juliana Murray / Louis Pellegrino
Assistant United States Attorneys

_____          Date:  _____
Thomas Ambrosio, Esq.
Counsel for Van Whitmore

4

8. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: __/s/ Juliana Murray_____          Date: ___1/7/2021_____
Juliana Murray / Louis Pellegrino
Assistant United States Attorneys

_____          Date: _1 7 2 1_____
Thomas Ambrosio, Esq.
Counsel for Van Whitmore

4

_____          Date: _____
Anthony Ricco, Esq.
Counsel for Ronald Nixon


_____          Date: _____
Guy Oksenhendler, Esq.
Counsel for Barry Williams


_____          Date: _____
Zachary Taylor, Esq.
Counsel for Rodney Robinson


_____          Date: _____
Christopher Madiou, Esq.
Counsel for Kaprie Lambert

_____          Date: _____
Allan Haber, Esq.
Counsel for Ian Haylock


_____          Date: 1/7/21
Jason Foy, Esq.
Counsel for Sharod Bell


_____          Date: _____
Bobbi Sternheim, Esq.
Counsel for Malik Hawkins


_____          Date: _____
James Newman, Esq.
Counsel for Abdoul Hanne


_____          Date: _____
Donald Duboulay, Esq.
Counsel for Malik Breedlove

5

_____     Date: _____
Anthony Ricco, Esq.
Counsel for Ronald Nixon


_____     Date: _____
Guy Oksenhendler, Esq.
Counsel for Barry Williams


_____     Date: _____
Zachary Taylor, Esq.
Counsel for Rodney Robinson


_____     Date: January 7, 2021
Christopher Madiou, Esq.
Counsel for Kaprie Lambert


_____     Date: _____
Allan Haber, Esq.
Counsel for Ian Haylock


_____     Date: _____
Jason Foy, Esq.
Counsel for Sharod Bell


_____     Date: _____
Bobbi Sternheim, Esq.
Counsel for Malik Hawkins


_____     Date: _____
James Newman, Esq.
Counsel for Abdoul Hanne


_____     Date: _____
Donald Duboulay, Esq.
Counsel for Malik Breedlove

5

_____     Date: _____
Anthony Ricco, Esq.
Counsel for Ronald Nixon


_____     Date: _____
Guy Oksenhendler, Esq.
Counsel for Barry Williams


_____     Date: _____
Zachary Taylor, Esq.
Counsel for Rodney Robinson


_____     Date: _____
Christopher Madiou, Esq.
Counsel for Kaprie Lambert

_____     Date: _____
Allan Haber, Esq.
Counsel for Ian Haylock


_____     Date: _____
Jason Foy, Esq.
Counsel for Sharod Bell


_____     Date: _____
Bobbi Sternheim, Esq.
Counsel for Malik Hawkins

*James Newman*
_____     Date: _1/12/2021_____
James Newman, Esq.
Counsel for Abdoul Hanne


_____     Date: _____
Donald Duboulay, Esq.
Counsel for Malik Breedlove

5

_____          Date: _____
Anthony Ricco, Esq.
Counsel for Ronald Nixon


_____          Date: _____
Guy Oksenhendler, Esq.
Counsel for Barry Williams


_____          Date: _____1/12/2021_____
Zachary Taylor, Esq.
Counsel for Rodney Robinson


_____          Date: _____
Christopher Madiou, Esq.
Counsel for Kaprie Lambert


_____          Date: _____
Allan Haber, Esq.
Counsel for Ian Haylock


_____          Date: _____
Jason Foy, Esq.
Counsel for Sharod Bell


_____          Date: _____
Bobbi Sternheim, Esq.
Counsel for Malik Hawkins


_____          Date: _____
James Newman, Esq.
Counsel for Abdoul Hanne


_____          Date: _____
Donald Duboulay, Esq.
Counsel for Malik Breedlove

5

_____     Date: _____
Anthony Ricco, Esq.
Counsel for Ronald Nixon


_____     Date: _____
Guy Oksenhendler, Esq.
Counsel for Barry Williams


_____     Date: _____
Zachary Taylor, Esq.
Counsel for Rodney Robinson


_____     Date: _____
Christopher Madiou, Esq.
Counsel for Kaprie Lambert

_____     Date: _____
Allan Haber, Esq.
Counsel for Ian Haylock


_____     Date: _____
Jason Foy, Esq.
Counsel for Sharod Bell

*Bobbi C. Sternheim*              Date: _1/25/2021_____
_____
Bobbi Sternheim, Esq.
Counsel for Malik Hawkins


_____     Date: _____
James Newman, Esq.
Counsel for Abdoul Hanne


_____     Date: _____
Donald Duboulay, Esq.
Counsel for Malik Breedlove

5

_____                 Date: _____
Anthony Ricco, Esq.
Counsel for Ronald Nixon


_____                 Date: _____
Guy Oksenhendler, Esq.
Counsel for Barry Williams


_____                 Date: _____
Zachary Taylor, Esq.
Counsel for Rodney Robinson


_____                 Date: _____
Christopher Madiou, Esq.
Counsel for Kaprie Lambert
                                                 Date: 1/20/21
_____
Allan Haber, Esq.
Jacob B. Mitchell, Esq.
Counsel for Ian Haylock


_____                 Date: _____
Jason Foy, Esq.
Counsel for Sharod Bell


_____                 Date: _____
Bobbi Sternheim, Esq.
Counsel for Malik Hawkins


_____                 Date: _____
James Newman, Esq.
Counsel for Abdoul Hanne


_____                 Date: _____
Donald Duboulay, Esq.
Counsel for Malik Breedlove

5

_____     Date: _____
Anthony Ricco, Esq.
Counsel for Ronald Nixon

_____     Date: 1/20/2021
Guy Oksenhendler, Esq.
Counsel for Barry Williams

_____     Date: _____
Zachary Taylor, Esq.
Counsel for Rodney Robinson

_____     Date: _____
Christopher Madiou, Esq.
Counsel for Kaprie Lambert

_____     Date: _____
Allan Haber, Esq.
Counsel for Ian Haylock

_____     Date: _____
Jason Foy, Esq.
Counsel for Sharod Bell

_____     Date: _____
Bobbi Sternheim, Esq.
Counsel for Malik Hawkins

_____     Date: _____
James Newman, Esq.
Counsel for Abdoul Hanne

_____     Date: _____
Donald Duboulay, Esq.
Counsel for Malik Breedlove

5

_____  Date: _____
Anthony Ricco, Esq.
Counsel for Ronald Nixon


_____  Date: _____
Guy Oksenhendler, Esq.
Counsel for Barry Williams


_____  Date: _____
Zachary Taylor, Esq.
Counsel for Rodney Robinson


_____  Date: _____
Christopher Madiou, Esq.
Counsel for Kaprie Lambert


_____  Date: _____
Allan Haber, Esq.
Counsel for Ian Haylock


_____  Date: _____
Jason Foy, Esq.
Counsel for Sharod Bell


_____  Date: _____
Bobbi Sternheim, Esq.
Counsel for Malik Hawkins


_____  Date: _____
James Newman, Esq.
Counsel for Abdoul Hanne

_____  Date: _1/12/2021_
Donald Duboulay, Esq.
Counsel for Malik Breedlove

5

_____       Date:  01/13/2021
Anthony Ricco, Esq.
Counsel for Ronald Nixon


_____       Date: _____
Guy Oksenhendler, Esq.
Counsel for Barry Williams


_____       Date: _____
Zachary Taylor, Esq.
Counsel for Rodney Robinson


_____       Date: _____
Christopher Madiou, Esq.
Counsel for Kaprie Lambert


_____       Date: _____
Allan Haber, Esq.
Counsel for Ian Haylock


_____       Date: _____
Jason Foy, Esq.
Counsel for Sharod Bell


_____       Date: _____
Bobbi Sternheim, Esq.
Counsel for Malik Hawkins


_____       Date: _____
James Newman, Esq.
Counsel for Abdoul Hanne


_____       Date: _____
Donald Duboulay, Esq.
Counsel for Malik Breedlove

5

_____
Margaret Shalley, Esq.
Michael Bradley, Esq.
Counsel for Anthony McDade

Date:   1 / 15 / 2021
        _____

SO ORDERED:

Dated: New York, New York

    January 27, 2021


_____
THE HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

6