UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VAN WHITMORE,<br><br>                              Movant,<br><br>       -v.-<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | 23 Civ. 200 (KPF)<br><br>19 Cr. 846-1 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Mr. Whitmore's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (19 Cr. 846-1 Dkt. #351; 23 Civ. 200 Dkt. #1). In the Motion, Mr. Whitmore raises a claim of ineffective assistance of counsel with respect to his trial counsel, Thomas Ambrosio, Esq.

After reviewing the papers, the Court believes that the testimony of Mr. Ambrosio is needed in order to allow the Government to respond to the motion. Moreover, the Court finds that by making the Motion, Mr. Whitmore has waived the attorney-client privilege as a matter of law.

Accordingly, it is hereby ORDERED that Mr. Ambrosio give sworn testimony, in the form of an affidavit or declaration, addressing the allegation of ineffective assistance of counsel made by Mr. Whitmore.

Cognizant of Formal Opinion 10-456 of the American Bar Association's Standing Committee on Ethics and Professional Responsibility (July 14, 2010), the Court is sending a document labeled "Informed Consent" to Mr. Whitmore (a copy of which is attached to this Order). Mr. Whitmore must execute this document within 30 days of the date of this Order. If the document is not

received within that 30-day period, the Court will deny the Section 2255 motion, on the ground that Mr. Whitmore failed to authorize the disclosure of information needed to permit the Government to respond to the motion.

Mr. Ambrosio is directed to submit his sworn statement within 30 days of the docketing of Mr. Whitmore's waiver. The Government will then have 60 days from the docketing of Mr. Ambrosio's sworn statement to submit its response to the Motion.

The Court of Court is directed to docket this Order in both cases and to mail a copy of the Order to Mr. Whitmore at his address of record.

SO ORDERED.

Dated: January 11, 2023
       New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VAN WHITMORE,<br><br>                    Movant,<br><br>     -v.-<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 23 Civ. 200 (KPF)<br><br>19 Cr. 846-1 (KPF)<br><br>**<u>Attorney-Client Privilege Waiver</u>**<br>**<u>(Informed Consent)</u>** |

KATHERINE POLK FAILLA, District Judge:

    You have made a motion to have your sentence set aside on the ground that you received ineffective assistance from your attorney, Thomas Ambrosio, Esq. The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion. To the extent your papers cite privileged communications, the Court has not considered the privileged communications.

    The American Bar Association requires your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement; there is no legal requirement that you give your attorney's permission to disclose such information. In fact, as a matter of law, you have waived the attorney-client privilege by making your motion, which means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your lawyer a secret — you must allow them to be disclosed to the Government and to the Court pursuant to Court order.

    If you wish to proceed with your motion to set aside your sentence on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form authorizes your attorney to disclose confidential communications (i) only in response to a Court order and (ii) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about their representation of you. However, you should also know that the Court will deny your motion if you do not authorize your attorney to give an affidavit in response to the Court's attached order. Nothing in the American Bar Association's opinion alters the fact that you have already waived the attorney-client privilege; if you frustrate the Court's ability to decide your motion by refusing to sign this authorization, your motion will be denied for failure to prosecute that motion.

You must return this form, signed by you and notarized, within thirty (30) days from the date of the Court's Order directing your lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within those thirty (30) days, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated January 11, 2023, and this document captioned "Attorney-Client Privilege Waiver (Informed Consent)." I hereby authorize my former attorney, Thomas Ambrosio, Esq., to comply with the Court's order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my sentence on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to Court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated:                                              _____
                                                     Van Whitmore

Sworn to before me this _____
day of _____, 20___


_____
Notary Public

2